IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID EUBANKS, #432609                                                                                  PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:20-cv-178-LG-RHW

HARRISON COUNTY JAIL, et al.                                                                  DEFENDANTS

ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION

This matter is before the Court sua sponte. Plaintiff David Eubanks, #432609, an inmate incarcerated at the Harrison County Adult Detention Center, Gulfport, Mississippi, files this Complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Harrison County Jail and Vital Core Health Providers. Compl. [1] at 1-2. Upon consideration of the Complaint [1], the Court has determined that in order to screen this Complaint as required by 28 U.S.C. § 1915, Plaintiff must provide additional information concerning his claims asserted in this civil action.

Plaintiff complains that he is being quarantined in a 6 x 12 cell with three other people which is unsafe because of COVID-19. Compl. [1] at 4-6. Plaintiff further states that Defendant Vital Core Medical Providers is using dirty and contaminated equipment to check the temperatures and oxygen levels of the inmates. *Id*. at 4-5. Additionally, Plaintiff complains that "we aren't being given anything to clean our cells but dirty water." *Id*. at 4.

Plaintiff cannot maintain this civil action against the Harrison County Jail because the jail is an extension of the county rather than a separate legal entity that may be named as a party in an action. *See Tuesno v. Jackson*, No. 5:08-cv-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) ("Defendants Wilkinson County Jail, Wilkinson County Sheriff's Department, and Wilkinson County Board of Supervisors are not political subdivisions or legal entities in and of themselves, but rather are merely departments of Wilkinson County,

Mississippi.); *see also Brown v. Thompson*, 927 So. 2d 733, 738 (Miss. 2006) (finding that the proper governmental entity is Bolivar County, not the Bolivar County Sheriff's Department). Plaintiff, therefore, cannot maintain this civil action against Harrison County Jail.

Plaintiff however may pursue a § 1983 civil action against a governmental entity such as Harrison County, Mississippi, when the injury Plaintiff received resulted from the County's unconstitutional policies, practices, or customs. *See Monell*, 436 U.S. at 694. Plaintiff therefore will be given an opportunity to state if he is naming Harrison County, Mississippi, as a Defendant and to state specific facts upon which he alleges that the policies or practices of Harrison County resulted in Plaintiff's constitutional rights being violated while housed at the Harrison County Adult Detention Center.

In the event Plaintiff wishes to assert a claim that his constitutional rights were violated by an officer or medical provider of the Harrison County Adult Center concerning medical care and the conditions of the jail, Plaintiff must state the name of the officer(s) and assert facts of how and when the newly named Defendant violated Plaintiff's constitutional rights. Accordingly, it is hereby,

ORDERED:

1. That **on or before July 15, 2020,** Plaintiff must file a written response to specifically the following:

(a) state if Plaintiff wishes to voluntarily dismiss Harrison County Jail as a Defendant;

(b) state if Plaintiff is naming Harrison County, Mississippi, as a Defendant;

(c) if Plaintiff is naming Harrison County, Mississippi, as a Defendant, state allegations of the policies, practices, or customs of Harrison County that violated Plaintiff's constitutional rights;

(d)   if Plaintiff is naming additional officers and/or medical providers as Defendants, Plaintiff must state the name of the newly named Defendant and facts of how and when the newly named Defendant violated Plaintiff's constitutional rights;

(e)   state the date(s) the incident complained about in this civil action occurred; and

(f)   state the physical injuries, if any, Plaintiff sustained as a result of the incident complained about in this civil action;

2.   That Plaintiff file his written response to this Order with the Clerk, 2012 15th Street, Suite 403, Gulfport, Mississippi 39501.

3.   **That Plaintiff's failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in this cause being dismissed without prejudice.**

THIS, the 15th day of June, 2020.

                                                          *s/Robert H. Walker*
                                                      UNITED STATES MAGISTRATE JUDGE