## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DAVID EUBANKS, #432609**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:20cv178-LG-RPM**

**HARRISON COUNTY JAIL, ET AL.**                           **DEFENDANTS**

### <u>ORDER OF DISMISSAL</u>

**THIS MATTER IS BEFORE THE COURT** *sua sponte*.   Pro se Plaintiff David Eubanks, an inmate of the Harrison County Adult Detention Center in Gulfport, Mississippi, brings this Complaint pursuant to 42 U.S.C. § 1983.

On June 15, 2020, the Court entered an Order directing Plaintiff to file a written response to provide specific information regarding his claims.   (Order, at 2-3, ECF No. 7).   The Order directed Plaintiff to file his response on or before July 15, 2020.   (*Id*. at 2).   The Order warned Plaintiff that failure to comply or failure to advise of a change of address could result in the dismissal of the instant civil action.   (*Id*. at 3).   The Order was mailed to Plaintiff at his last known address.

When Plaintiff failed to contact the Court or comply with this Order, the Court entered an Order to Show Cause directing Plaintiff to show cause why this action should not be dismissed for failure to comply with a court order.   (Order to Show Cause, at 1, ECF No. 8).   The Show Cause Order directed Plaintiff to file his response on or before August 21, 2020.   (*Id*.).   The Order was mailed to Plaintiff at his last known address.   The postal service returned the envelope containing the

Show Cause Order [8] with the notation "Return to Sender, Not Deliverable As Addressed, Unable to Forward."   (Ret. Mail, at 1, ECF No. 10).

A Second and Final Order to Show Cause was entered on September 9, 2020, directing Plaintiff to comply on or before September 30, 2020.   (Final Order to Show Cause, at 1, ECF No. 12).   The Order was mailed to Plaintiff at his last known address.   The postal service returned the envelope containing that Final and Second Order to Show Cause [12] on September 21, 2020 with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward."   (Ret. Mail, at 1, ECF No. 13).

Plaintiff has been repeatedly warned that failure to comply or keep the Court advised of his current address would result in dismissal without further notice. (*See* Orders, ECF Nos. 3, 6, 7; Notice of Assignment, ECF No. 1-2).[1]   To date, Plaintiff has not furnished the Court with a change of address, and he has not responded.

It seems apparent from Plaintiff's failure to keep the Court informed of his current address and his failure to comply with the Court's Orders that he may lack interest in pursuing this case.   The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the

---

[1] Because Plaintiff responded to the Order [3] entered on May 29, 2020, by filing his Acknowledgment of Receipt [4] on June 8, 2020, it is clear that Plaintiff was aware of his responsibility to notify the Court of a change of address.   Furthermore, according to the docket, the Orders [6, 7] entered on June 15, 2020, were not returned by the postal service as undeliverable.

Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.   *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   *Id.*   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.   As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven fruitless.   *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

**IT IS, HEREBY ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Orders of the Court.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

3